## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DOUG HARLESS,

      Plaintiff,

vs.                                                                          CIV No. 01-MC-26

MUSE TECHNOLOGIES, INC.,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Confirm Arbitration Award **[Doc. No. 1]** and Defendant's Motion to Dismiss Motion to Confirm Arbitration Award for Lack of Jurisdiction **[Doc. No. 3]**.  The Court, having considered the motions, relevant law and being otherwise fully informed, finds that the Defendant's motion is not well-taken and will be **DENIED,** and that Plaintiff's motion will be **GRANTED.**

### BACKGROUND

Plaintiff Doug Harless filed a Motion to Confirm Arbitration Award **[Doc. No. 1]** on October 22, 2001, claiming jurisdiction due to diversity citizenship and under 9 U.S.C. § 9, part of the Federal Arbitration Act.  On November 13, 2001, Defendant filed a motion to dismiss for lack of jurisdiction, arguing that it was unaware whether complete diversity of citizenship in fact existed and that 9 U.S.C. § 9 does not provide an independent source of jurisdiction.  Thereafter, Plaintiff filed a Response to Motion to Dismiss **[Doc. No. 4]**.

## STANDARD

Federal courts are courts of limited jurisdiction and may exercise their authority only when specifically authorized to do so. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331." *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

A motion to dismiss for lack of subject matter jurisdiction may challenge the facts upon which subject matter jurisdiction depends. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing such a motion, a court may not presume the truthfulness of the complaint's factual allegations but must go beyond the allegations and evaluate the evidence presented by the parties. *Id.* The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

The requirements for diversity jurisdiction are met when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between citizens of different states. 28 U.S.C. § 1332.

## DISCUSSION

Plaintiff claims diversity jurisdiction exists because (1) the demand for arbitration and the actual amount awarded exceeds $75,000, and (2) he is a citizen of the state of Texas, while Defendant

is a Delaware corporation whose principal place of business is New Mexico.  Defendant specifically questions whether Plaintiff is in fact a citizen of Texas.[1]

For purposes of the diversity jurisdiction statute, a natural person is a citizen of the state in which she is domiciled.  *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  Domicile, in turn, is the last place where a person resided with the intention of remaining there indefinitely.  *See id.* at 678.

Plaintiff supplied the Court with a signed affidavit affirming that he currently resides in Athens, Texas, that he has lived in the State of Texas for "more than 30 years," and that he "intend[s] to remain there." (Harless Aff. ¶2.)  Plaintiff further avers that he files taxes as a Texas citizen and that he holds a Texas driver's license.  (Harless Aff. ¶3.)  The Court finds that Plaintiff has shown adequately that he is, as required for purposes of diversity jurisdiction, a citizen of Texas.  Since there is no dispute as to whether Defendant corporation is a citizen of Delaware and New Mexico, the Court finds that diversity of citizenship between the parties is complete.  Having found subject matter jurisdiction to exist under the diversity jurisdiction statute, the Court need not address whether jurisdiction exists under 9 U.S.C. § 9.

Furthermore, the Court notes that Defendant has made no other objection to Plaintiff's motion to confirm the arbitration award.  Having found no reason to deny the award under the terms of the Employment Agreement or 9 U.S.C. § 9, Plaintiff's motion to confirm the award will be granted.

---

[1]Although Defendant does not dispute whether the amount in controversy requirement is satisfied, the Court notes that Plaintiff has furnished the Court with copies of the Employment Agreement under which Plaintiff and Defendant entered into binding arbitration; Plaintiff's demand letter, claiming he was entitled to well over $75,000; and a copy of the arbitration award, signed by the arbitrator, indicating that Defendant is to pay Plaintiff $211,208.11 (plus any remaining costs and arbitrator fees) and the option to purchase 197,638 shares of Plaintiff's stock at $2.50 per share. (Award of Arbitrator.)

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Motion to Confirm

Arbitration Award for Lack of Jurisdiction **[Doc. No. 3]** is hereby **DENIED,** and Plaintiff's Motion

to Confirm Arbitration Award **[Doc. No. 1]** is hereby **GRANTED**.

Dated this 21st day of April, 2003.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Claude E. Vance

Attorney for Defendant:
Thomas P. Gallagher